**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PANORAMIC STOCK IMAGES, LTD. ) | | |
| d/b/a PANORAMIC IMAGES ) | | |
| Plaintiff, ) | Case No. 12-cv-09881 | |
| v. ) | | |
| ) | Judge Rebecca R. Pallmeyer | |
| McGRAW-HILL GLOBAL ) | | |
| EDUCATION HOLDINGS, LLC, *et al.,* ) | Magistrate Judge Arlander Keys | |
| Defendants ) | | |
| ) | | |
| ) | | |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Christopher P. Beall
Levine Sullivan Koch & Schulz, LLP
321 West 44th Street, Suite 510
New York, NY 10036
(T): (212) 850-6100
(F): (212) 850-6299
cbeall@lskslaw.com

William McGrath
Davis McGrath LLC
125 South Wacker Drive
Chicago, Illinois 60606
(T): (312) 332-3033
(F): (312) 332-6376
wmcgrath@davismcgrath.com

*Attorneys for Defendants
McGraw-Hill Global Education
Holdings, LLC and McGraw-Hill
School Education Holdings, LLC*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

SUMMARY OF FACTUAL BACKGROUND ..................................................................... 1

ARGUMENT .......................................................................................................................... 1

    I.    Fact Questions Remain as to Whether Many of Panoramic's Claims Are Partially Barred by the Copyright Act's Three-Year Statute of Limitations ................... 2

    II.   Panoramic Has Failed to Establish Liability as to Certain of Its Claims ........................ 6

        A.    © 2003 Macmillan/McGraw-Hill Social Studies Grade 4, ................................... 7

        B.    ©2001 McGraw-Hill Language Arts (Grade 3) ...................................................... 7

        C.    Alleged Electronic Distribution of Photos in Various Titles ................................. 8

    II.   Material Issues of Fact Prevent Summary Judgment on Several of McGraw-Hill's Affirmative Defenses ....................................................................................................... 8

CONCLUSION ....................................................................................................................... 9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)................................................................................................1, 2

*Bergt v. McDougal Littell*,
    661 F. Supp. 2d 916 (N.D. Ill. 2009) ...........................................................................6

*Brooks-Ngwenya v. Indianapolis Pub. Sch.*,
    564 F.3d 804 (7th Cir. 2009) .......................................................................................6

*Design Basics, LLC v. Roersma & Wurn Builders, Inc.*,
    No. 1:10-cv-696, 2012 WL 1830129 (W.D. Mich. Apr. 23, 2012)........................3, 4

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340 (1991)......................................................................................................6

*Frerck v. John Wiley & Sons, Inc.*,
    No. 11-cv-02727 (N.D. Ill. July 14, 2014)................................................................3, 4

*Gaiman v. McFarlane*,
    360 F.3d 644 (7th Cir. 2004) .......................................................................................2

*Kwan v. Schlein*,
    441 F. Supp. 2d 491 (S.D.N.Y. 2006)..........................................................................3

*Leventhal v. Schenberg*,
    917 F. Supp. 2d 837 (N.D. Ill. 2013) ...........................................................................3

*Ner Tamid Congregation of N. Town v. Krivoruchko*,
    638 F. Supp. 2d 913 (N.D. Ill. 2009) ...........................................................................9

*Ortiz v. Guitian Bros. Music Inc.*,
    No. 07 Civ. 3897, 2008 WL 4449314 (S.D.N.Y. Sept. 29, 2008) ............................5

*Pugh v. City of Attica*,
    259 F.3d 619 (7th Cir. 2001) .......................................................................................2

*Seals v. Compendia Media Grp.*,
    290 F. Supp. 2d 947 (N.D. Ill. 2003) ...........................................................................6

*Sims v. Viacom, Inc.*,
    No. 2:11-cv-0675, 2012 WL 280609 (W.D. Pa. Jan. 31, 2012) ................................5

**Page(s)**

*Smith v. Great Am. Rests., Inc.*,
   969 F.2d 430 (7th Cir. 1992) ..................................................................................................9

*Taylor v. Meirick*,
   712 F.2d 1112 (7th Cir. 1983) ................................................................................................6

*Turina v. Crawley*,
   2012 WL 568050 (N.D. Ill. Feb. 16, 2012) ............................................................................2

**Statutes**

17 U.S.C.,
   § 411(a) ...................................................................................................................................6
   § 507(b) ...................................................................................................................................2

**Other Authorities**

FED. R. CIV. P. 56(a) ........................................................................................................................1

Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (here, collectively "McGraw-Hill") respectfully submit this Memorandum of Law in Opposition to the Motion for Partial Summary Judgment (Dkt. 59) filed by Plaintiff Panoramic Stock Images, Ltd. (d/b/a Panoramic Images) ("Panoramic").

## INTRODUCTION

Panoramic's motion for summary judgment shows just how much this case has shrunk since it was first filed. Initially, Plaintiff sought extensive damages and injunctive relief for copyright infringement and contributory copyright infringement based on McGraw-Hill's use of photographs in what amounted to a total of 103 titles, giving rise to 276 alleged instances of infringement. But now, Panoramic seeks a finding of liability on just 22 of those titles, involving 83 claims – or less than a third of what was originally pled. As discussed below, liability even on these reduced number of claims is significantly limited by the application of the Copyright Act's statute of limitation, as well as existing issues of material fact.

## SUMMARY OF FACTUAL BACKGROUND

The facts germane to the disposition of the plaintiff's motion are set forth in full in Defendant's Response to Plaintiff's Separate Statement of Facts in Support of the Motion for Partial Summary Judgment ("Resp. to SUMF"), as well as in Defendant's own separate Statement of Undisputed Material Facts ("SUMF"), *see* Dkt. 56, filed in connection with McGraw-Hill's separate motion for partial summary judgment.

## ARGUMENT

Summary judgment is appropriate only where the moving party has established that there are no genuine issues as to any material facts, and that on the strength of those facts, the law requires judgment in the moving party's favor. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby,*

1

*Inc.*, 477 U.S. 242, 247 (1986). In this context, a non-moving defendant can defeat a plaintiff's summary judgment motion by identifying specific material factual disputes as to any of the elements of the plaintiff's cause of action. *Anderson*, 477 U.S. at 247. If the evidence is such "'that a reasonable jury could return a verdict for the nonmoving party,'" summary judgment is inappropriate. *Turina v. Crawley*, No. 10 C 4292, 2012 WL 568050, at *2 (N.D. Ill. Feb. 16, 2012) (quoting *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001)).

Here, Panoramic has failed to establish that it is entitled to judgment as a matter of law with regard to compliance with the Copyright Act's statute of limitation, and other issues of material fact relating to two photographs. Both of these issues are discussed below.

**I.      Fact Questions Remain as to Whether Many of Panoramic's Claims Are Partially Barred by the Copyright Act's Three-Year Statute of Limitations**

As set forth in McGraw-Hill's Memorandum of Law in Support of Its Motion for Summary Judgment ("Def.'s Mot.") (Dkt. 57), certain of Panoramic's claims are in fact barred by the applicable statute of limitations.

Under the Copyright Act, a plaintiff may bring an action for infringement only where the infringement claim has "accrued" within three years, *see* 17 U.S.C. § 507(b). As noted in McGraw-Hill's own motion, because of recent Supreme Court case law, the appropriate controlling standard for accrual of a copyright infringement claim is the "injury rule," which instructs that a claim accrues when the plaintiff has suffered the injury that gives rise to his cause of action. Def.'s Mot. 6-11.

To date, this Circuit has followed the "discovery rule," which requires that a plaintiff sue within three years of the date "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004). Under the inquiry notice doctrine of the discovery rule, "actual knowledge of an

2

infringement is not required to trigger the running of the statute of limitations. Rather, the statute [begins] to run when [a plaintiff] ha[s] knowledge that would [lead] reasonable people to investigate the possibility that their legal rights had been infringed." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 891 F. Supp. 2d 995, 999 (N.D. Ill. 2012). If a plaintiff knew or should have known of its claims more than three years before filing its claim, the plaintiff is barred from recovering damages "for any acts of infringement accruing prior to . . . three years before the filing of" the operative complaint. *Leventhal v. Schenberg*, 917 F. Supp. 2d 837, 846 (N.D. Ill. 2013); *see also* Def.'s Mot at 6-12.

Recently, in *Frerck v. John Wiley & Sons, Inc.*, No. 11-cv-02727 (N.D. Ill. July 14, 2014) (Dkt. 186), a court in this District articulated a novel addition to this rule. First, Judge Dow recognized that when applying the Copyright Act's limitation period to infringement claims based on an allegedly unauthorized publication of a work, the cause of action is deemed to accrue upon that publication. *Frerck* at 11, citing *Kwan v. Schlein*, 441 F. Supp. 2d 491, 499 (S.D.N.Y. 2006) ("Even applying the more liberal discovery rule," a plaintiff "knew or should have known . . . when the book was published-or shortly thereafter."); *Design Basics, LLC v. Roersma & Wurn Builders, Inc.*, No. 1:10-cv-696, 2012 WL 1830129, at *2 (W.D. Mich. Apr. 23) ("[I]f the infringement is open and notorious, the copyright holder should be expected to discover it within a three year period."), *adopted by* 2012 WL 1830103 (May 18, 2012). The court then acknowledged that the "straight-forward application" of the statute of limitation would bar recovery of damages for infringements that occurred more than three years prior to the filing of the complaint. *Id*. But instead of using this straight-forward application, Judge Dow then went on to reason in an extrapolation of the discovery rule that it was the burden of the publisher-defendant in that case to submit evidence establishing precisely when the publisher's

3

alleged infringements of the images began and ended, and he further reasoned that a failure to do so meant that the defendant had failed to establish that the plaintiff's claims were untimely. *Id.* at 12.

Respectfully, there is no basis under the Copyright Act or case law for Judge Dow's new rule on the application of the statute of limitation under the Copyright Act. But in any case, it is not relevant here for two reasons. First, unlike in *Frerck*, Panoramic was clearly aware of the claims prior to the accrual of the statute of limitations date. In this case, and as set out in more detail in McGraw-Hill's own motion for summary judgment, Plaintiff plainly knew of the need to investigate the possibility of its claims well before December 11, 2009. *See* Def.'s Mot. at 12-13. The evidence establishes beyond debate that Panoramic's principal, Douglas Segal, had explicit discussions sometime in November 2009 (or earlier) with Panoramic's attorneys concerning plans to bring claims for copyright infringement against McGraw-Hill. *See id.* Panoramic's halfhearted assertions attempting to undermine this evidence, *see* Segal Decl. (Dkt. 59-04), cannot change this undisputed fact. Rather, in his declaration, Segal admits that in November 2009, he was "generally aware that there were allegations that some textbook publishers had exceeded the limits of licenses for some photographs." *Id.* ¶ 26. As documents produced in this case now show, though, by November 2009, Segal knew not only of general allegations but also that publishers with whom Panoramic had done business, *including McGraw-Hill*, were among the alleged infringers. *See* Declaration of Christopher P. Beall ¶ 3 (Dkt. 58) & Ex. 1 (Dkt. 58-01).

In this context, any reasonable person would have expeditiously acted upon this awareness and investigated his claims. And in fact Segal did. He contacted the law firm Harmon & Seidman by early November 2009, inquiring about hiring the firm as Panoramic's

4

counsel concerning alleged infringements of its copyrights. *Id.* By any measure, Panoramic was on notice as to its claims against McGraw-Hill by at least November 2009, if not earlier.

Second, for all but seven of the titles at issue here, the evidence produced in discovery reveals that McGraw-Hill's distribution of the at-issue books first exceeded the distribution amounts set out in the applicable Panoramic invoices more than *ten years* ago. *See* Declaration of Nabiha Syed ("Syed Decl.") ¶¶ 2(a)-(n). The remaining seven titles relate to invoices whose distribution provisions were exceeded in 2006 and 2008. *Id.* ¶¶ 2(o)-(u). Thus, there can be no question that upon receiving inquiry notice of its potential claims against McGraw-Hill, even the most limited inquiry would have revealed the alleged infringement. *See, e.g.*, *Ortiz v. Guitian Bros. Music Inc.*, No. 07 Civ. 3897, 2008 WL 4449314, at *3 (S.D.N.Y. Sept. 29, 2008) (finding "[p]ublic distribution of the work at issue . . . creat[ed] sufficient notice to begin the running of the statute of limitations" and holding that limitations period began "when the DVD was officially released and publicly distributed" (citation omitted)); *Sims v. Viacom, Inc.*, No. 2:11-cv-0675, 2012 WL 280609, at *5 (W.D. Pa. Jan. 31, 2012) (public airing of allegedly infringing show triggered the running of the limitations period). These material issues of fact render summary judgment inappropriate here where there are substantial questions as to whether the plaintiff could have learned of his cause of action through "reasonable diligence."[1] *See, e.g.*,

---

[1] As noted above, McGraw-Hill has already moved for partial summary judgment with regard to its statute of limitations defense, and hence, McGraw-Hill actually believes that there are no genuine issues of material fact that would militate against the entry of an order barring Panoramic from recovering damages on claims for unauthorized printings or distribution of its photos occurring on or after December 11, 2009. However, if the Court concludes that summary judgment in favor of McGraw-Hill is not proper, the most it may do is rule that fact issues need to be resolved at trial concerning the statute of limitations defense. The record here simply does not support a rejection of McGraw-Hill's statute of limitations defense in its entirety in light of Mr. Segal's confessed awareness of potential claims against McGraw-Hill more than three years prior to filing suit.

*Taylor v. Meirick*, 712 F.2d 1112, 1117 (7th Cir. 1983); *Seals v. Compendia Media Grp.*, 290 F. Supp. 2d 947, 951 (N.D. Ill. 2003).

In addition, and regardless of whether the injury rule or the discovery rule is applied, Panoramic's request for summary judgment as to any infringements that occurred prior to December 11, 2009 should be denied in their entirety for the photograph pled in Row 6 of Exhibit A to the Complaint. All of the printings and the sales of the book were completed in 2008. See Syed Decl. ¶ 2(u). Accordingly, there were no printings or sales that occurred within the three-year limitations period however that period is measured, and all of the claims for unauthorized printing or sales of the books are time barred.

For the remaining claims at issue, McGraw-Hill does not dispute that Panoramic may be entitled to recover damages for those discrete instances of printings or distribution that occurred on or after December 11, 2009, to the extent no other defenses apply to these claims, but the general judgment of liability that Panoramic seeks is inappropriate here because of the statute of limitations.

**II.**     **Panoramic Has Failed to Establish Liability as to Certain of Its Claims**

A plaintiff seeking summary judgment as to liability for copyright infringement must establish the absence of any material factual dispute as to both elements of the claim – that is, (i) valid ownership of exclusive copyright rights, including adequate copyright registrations, and (ii) unauthorized copying by the defendant. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 806 (7th Cir. 2009) (citing 17 U.S.C. § 411(a)); *Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 921 (N.D. Ill. 2009). There are questions of material fact as to whether Panoramic can establish these two requirements for at least two of the photographs listed in Exhibit A to the Complaint.

**A.** *© 2003 Macmillan/McGraw-Hill Social Studies Grade 4, Our Country's Regions*

In Row 110 of Exhibit A to the Complaint, Panoramic identifies the relevant photographer as "Discovery Comm." Documents produced by the plaintiff during discovery in this case indicate that this same name is on the invoice to McGraw-Hill. *See* Declaration of Christopher Beall ("Beall Decl.") ¶ 3 & Ex. 2. But Panoramic has not provided any photographer-agency agreement or agency assignment agreement signed by Discovery Comm indicating that Panoramic has ownership of any exclusive right in the image. Without this, Panoramic lacks standing to bring suit on an image photographed by Discovery Comm. As a result, there remains an issue of material fact as to the identity of Discovery Comm, and whether he, she, or it has consented to Panoramic bringing a claim on this photo. (In addition, if Discovery Comm is in fact a photo agency or other business entity, there is further no evidence produced in discovery showing that Discovery Comm itself has any rights in the at-issue photo.) Accordingly, summary judgment should not be granted on this image.

**B.** *©2001 McGraw-Hill Language Arts (Grade 3)*

Similarly, in Row 48 of Exhibit A to the Complaint, Panoramic identifies the relevant photographer as Jerry Driendl. The related invoice for this title, Invoice #77664, lists Karalee Griffin as the photographer for that image. *See* Beall Decl. ¶ 2 & Ex. 1. Again, as with above, Plaintiff has not submitted any photographer-agency agreement or copyright assignment agreement to demonstrate that Panoramic has standing to bring any claim based on this image, if it is indeed by Karalee Griffin. There remains an issue of material fact as to the identity of the photographer of this image, and whether he or she has consented to Panoramic bringing a claim on this photo. Accordingly, summary judgment should not be granted on this image.

7

C.  Alleged Electronic Distribution of Photos in Various Titles

Panoramic also contends that McGraw-Hill engaged in unauthorized electronic distribution of Panoramic's photos in the following titles:

| 3c | Social Studies Grade 6, 1999 | ©1999 Adventures in Time and Place (Grade 6, Worlds) |
|---|---|---|
| 6c | Grade 3 Language Arts 2001 | ©2001 McGraw-Hill Language Arts (Grade 3) |
| 7c | Grade 2 language arts 2001 | ©2001 McGraw-Hill Language Arts (Grade 2) |
| 11c | Glencoe Literature, Grade 7 2002 | ©2002 Glencoe Literature (Grade 7) |
| 13b | Social Studies Grade 4, 2002 | © 2003 Macmillan/McGraw-Hill Social Studies (Our Nation) |
| 14b | P4NAT Social Studies Grade 4 2003 | © 2003 Macmillan/McGraw-Hill Social Studies (Grade 4, Our Country's Regions) |
| 15c | PGrade 6 World History Social studies 2003 | MMH Social Studies G6 SE 2003 |
| 18c | Bon Voyage Level 3, 2005 | Bon Voyage, Level 3 © 2005 |

Declaration of Jennifer Johnson ("Johnson Decl.") at ¶¶ 9, 16, 19, 31, 35, 37, 40 & 48 (Dkt. 59-2). Panoramic has failed to present any evidence establishing that Panoramic's images actually appear in any electronic versions of these titles. Instead, Panoramic merely makes reference to spreadsheets showing information for various McGraw-Hill product families (*i.e.*, the over-arching title of a particular publication) as well as the specific editions within that product family. *See* Johnson Decl. Exs. 3c, 6c, 7c, 11c, 13b, 14b, 15c, & 18c (filed under seal). These spreadsheets do not establish whether Panoramic's images appear in the electronic versions of the titles. As a result, the infringement claims on these titles are not viable on the merits, and are insufficient for summary judgment here.

II.  **Material Issues of Fact Prevent Summary Judgment on Several of McGraw-Hill's Affirmative Defenses**

Panoramic's motion also includes seriatim contentions that McGraw-Hill has no evidence to support any of its affirmative defenses. *See* Pl's Mot. at 10-15. Some of these defenses,

8

however, such as the statute of limitations, standing, and sufficiency of copyright assignments are indeed contested issues for which McGraw-Hill has presented substantial evidence in both this Response and in its own motion for summary judgment.[2] *See* Def.'s Mot. Many of the other affirmative defenses that Panoramic attacks are relevant to damages and are not germane to Panoramic's motion for summary judgment with regard to liability. Those additional defenses – timeliness of registrations for purposes of eligibility for statutory damages, innocent intent, and mitigation of damages – are relevant to the proper measure of any damages Panoramic ultimately might seek to recover. Accordingly, summary judgment is inappropriate as to these damages defenses at this stage. *See Smith v. Great Am. Rests., Inc.*, 969 F.2d 430, 438 (7th Cir. 1992) ("The issue of mitigation is a question of fact for the jury."); *Ner Tamid Congregation of N. Town v. Krivoruchko*, 638 F. Supp. 2d 913, 920 (N.D. Ill. 2009) (noting that "failure to mitigate is not a defense to liability; it concerns only the amount of recoverable damages, not the right to recover damages").

## **CONCLUSION**

In light of the foregoing, the Court should deny Panoramic's motion for partial summary judgment as to its copyright infringement claims with respect to Rows 48 and 110, and it should enter summary judgment as to liability solely as to the printings or distribution of Panoramic photos that occurred on or after December 11, 2009.

---

[2] Separate from its various defenses on damages issues, McGraw-Hill hereby withdraws its affirmative defenses as to liability relating to: sufficiency of copyright registrations, estoppel, unclean hands, implied license/course of dealing, acquiescence, novation, and satisfaction.

9

Dated: July 24, 2014

                By:    s/ Christopher P. Beall
                      Christopher P. Beall
                      Levine Sullivan Koch & Schulz, LLP
                      321 West 44th Street, Suite 1000
                      New York, New York 10036
                      (T): (212) 850-6100
                      (F): (212) 850-6299
                      cbeall@lskslaw.com

                      William McGrath
                      Davis McGrath LLC
                      125 South Wacker Drive
                      Chicago, Illinois 60606
                      (T): (312) 332-3033
                      (F): (312) 332-6376
                      wmcgrath@davismcgrath.com

                      *Attorneys for Defendants McGraw-Hill Global Education Holdings LLC and McGraw-Hill School Education Holdings, LLC*

**CERTIFICATE OF SERVICE**

I, Christopher P. Beall, an attorney and counsel of record for Defendant McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC, certify that I caused the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** to be electronically filed with the Clerk of Court using the CM/ECF filing system, which will send automated notification of this filing to all counsel of record on this date.

Dated: July 24, 2014

By:    s/ Christopher P. Beall