IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PANORAMIC STOCK IMAGES, LTD. d/b/a PANORAMIC IMAGES | ) ) | |
| Plaintiff, | ) | Case No. 12-cv-09881 |
| v. | ) ) | Judge Rebecca R. Pallmeyer |
| McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, *et al.,* Defendants | ) ) ) ) ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

> Christopher P. Beall
> Levine Sullivan Koch & Schulz, LLP
> 321 West 44th Street, Suite 510
> New York, NY 10036
> (T): (212) 850-6100
> (F): (212) 850-6299
> cbeall@lskslaw.com
>
> William McGrath
> Davis McGrath LLC
> 125 South Wacker Drive
> Chicago, Illinois 60606
> (T): (312) 332-3033
> (F): (312) 332-6376
> wmcgrath@davismcgrath.com
>
> *Attorneys for Defendants*
> *McGraw-Hill Global Education*
> *Holdings, LLC and McGraw-Hill*
> *School Education Holdings, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................1

I.      SUPREME COURT PRECEDENT FAVORS THE INJURY RULE ................................1

II.     McGRAW-HILL IS ENTITLED TO SUMMARY
JUDGMENT ON ITS STATUTE OF LIMITATIONS DEFENSE,
RESTRICTING THE DAMAGES AVAILABLE TO PANORAMIC ..............................6

        A.     Inquiry Notice Starts the Statute of Limitations Clock ............................................7

        B.     Panoramic Was on Inquiry Notice Prior to December 11, 2009 ..............................9

        C.     Though There is No Burden to Do So, McGraw-Hill Has Already
Established the Dates of Commencement of the Alleged Infringement ................11

CONCLUSION ...............................................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amy v. City of Watertown*,
 130 U.S. 320 (1889)..................................................................................................5

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986)..................................................................................................1

*Auscape Int'l v. Nat'l Geographic Soc'y*,
 409 F. Supp. 2d 235 (S.D.N.Y. 2004)...................................................................3, 4

*Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*,
 522 U.S. 192 (1997)..............................................................................................2, 3

*Chicago Building Design, P.C. v. Mongolian House, Inc.*,
 891 F. Supp. 2d 995 (N.D. Ill. 2012) ....................................................................7, 8

*Claffey v. River Oaks Hyundai*,
 486 F. Supp. 2d 776 (N.D. Ill. 2007) .......................................................................10

*Clark v. Iowa City*,
 87 U.S. 583 (1874)....................................................................................................2

*Design Basics, LLC v. Chelsea Lumber Co.*,
 --- F. Supp. 2d ---, 2013 WL 5539609 (E.D. Mich. Oct. 8, 2013)............................9

*Dorr-Oliver Inc. v. Fluid-Quip, Inc.*,
 834 F. Supp. 1008 (N.D. Ill. 1993) .........................................................................11

*Frerck v. John Wiley & Sons, Inc.*,
 No. 11-cv-02727 (N.D. Ill. July 14, 2014)..............................................................11

*Gabelli v. SEC*,
 133 S. Ct. 1216 (2013)..........................................................................................3, 5

*Gaiman v. McFarlane*,
 360 F.3d 644 (7th Cir. 2004) ............................................................................5, 6, 8

*Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*,
 545 U.S. 409 (2005)..............................................................................................2, 5

*Heimeshoff v. Hartford Life & Accident Ins. Co.*,
 134 S. Ct. 604 (2013)................................................................................................3

*Keyes Fibre Co. v. Packaging Corp. of Am.*,
  763 F. Supp. 374 (N.D. Ill. 1991) ...................................................................................11

*Kordek v. United Agri Prods., Inc.*,
  No. 06 C 2216, 2007 WL 1118435 (N.D. Ill. Apr. 16, 2007)..........................................10

*Leventhal v. Schenberg*,
  917 F. Supp. 2d 837 (N.D. Ill. 2013) ..........................................................................7, 11

*Luar Music Corp. v. Universal Music Grp., Inc.*,
  847 F. Supp. 2d 299 (D.P.R. 2012)...................................................................................9

*Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*,
  321 U.S. 342 (1944)..........................................................................................................4

*Ortiz v. Guitian Bros. Music Inc.*,
  No. 07 Civ. 3897, 2008 WL 4449314 (S.D.N.Y. Sept. 29, 2008) ..................................12

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  134 S. Ct. 1962 (2014).............................................................................................1, 2, 6

*Sims v. Viacom, Inc.*,
  No. 2:11-cv-0675, 2012 WL 280609 (W.D. Pa. Jan. 31, 2012) .....................................13

*Taylor v. Meirick*,
  712 F.2d 1112 (7th Cir. 1983) ......................................................................................5, 6

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
  431 F. Supp. 2d 834 (N.D. Ill. 2006) ........................................................................10, 11

*Tregenza v. Great Am. Commc'ns Co.*,
  12 F.3d 717 (7th Cir. 1993) ..............................................................................................8

*TRW Inc. v. Andrews*,
  534 U.S. 19 (2001) (Scalia, J., concurring) ...............................................................3, 5, 6

*United States v. Kubrick*,
  444 U.S. 111 (1979).........................................................................................................4

*Wallace v. Kato,*
  549 U.S. 384 (2007).....................................................................................................2, 3

*Warren Freedenfeld Assocs., Inc. v. McTigue*,
  531 F.3d 38 (1st Cir. 2008)...........................................................................................8, 9

*William A. Graham Co. v. Haughey*,
  568 F.3d 425 (3d Cir. 2009).............................................................................................8

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
   401 U.S. 321 (1971)............................................................................................................3

**Other Authorities**

1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.05[B][2][b] (2014) ............4

6 William F. Patry, *Patry on Copyright* § 20:20 (2014)..................................................................4

Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (here, collectively "McGraw-Hill") respectfully submit this Reply Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 54).

## INTRODUCTION

Rather than offering "significantly probative" evidence of the "specific facts" necessary to survive summary judgment and warrant trial, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986), Panoramic instead relies on unsubstantiated factual allegations and meritless legal assertions Response in Opposition to Defendant's Motion for Partial Summary Judgment (Dkt. No. 71) ("Pl. Opp."). Panoramic provides little persuasive legal authority or proper factual support for its contention that the statute of limitations does not limit the damages available to it. Accordingly, the Court should grant partial summary judgment to McGraw-Hill, barring recovery of any damages arising from instances of unauthorized printings or distribution of Panoramic's at-issue photos prior to December 11, 2009.

## ARGUMENT

### I. SUPREME COURT PRECEDENT FAVORS THE INJURY RULE

Despite a long history of consistent Supreme Court precedent supporting the injury rule for determining accrual of federal statutory claims, *see* Mem. in Support of Defs.' Mot. for Partial Summ. J. (Dkt No. 57) ("Defs.' Br."), at 6-11, Plaintiff attempts to distract the Court by focusing only on the Supreme Court's most recent case, *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014). P. Opp. At 11-12. To be clear, *Petrella* alone makes evident that Panoramic may not recover damages for any instances of infringement that occurred prior to December 11, 2009. *Id.* at 1973 ("[A] successful plaintiff can gain retrospective relief only three

1

years back from the time of suit. No recovery may be had for infringement in earlier years."). Indeed, *Petrella* is the latest case in a consistent body of precedent establishing that when a federal statute of limitation textually calls for a claim to be brought within some number of years "after the claim accrued," as the Copyright Act provides, and the statute otherwise provides no textual indication of a different congressional intent, as is also the case under the Act, then the limitations period is controlled by the injury rule, not any discovery rule. The recent cases from the Supreme Court prior to *Petrella*, which were cited in *Petrella*, provide precisely the "word[s] of analysis" in support of the injury rule that Panoramic finds lacking in *Petrella*. Pl. Opp. at 12. Panoramic inexplicably ignores all of these prior cases entirely.

As detailed in McGraw-Hill's opening brief, Defs.' Br. at 6-11, the doctrine applying the injury rule has deep roots, dating back more than a century in Supreme Court jurisprudence, at least as early as *Clark v. Iowa City*, 87 U.S. 583 (1874), in which the Court stated that "[a]ll statutes of limitation begin to run when the right of action is complete." *Id.* at 589. Since then, the Supreme Court has time and again confirmed the injury rule, clarifying that a cause of action becomes "complete and present," and hence accrues, when "the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 195, 201 (1997*)* (plaintiff's claim under federal statute addressing employer withdrawal from pension funds accrued when the defendant missed the statutorily required payment); *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 418-419 (2005) (applying standard rule and holding that plaintiff's retaliation claim under False Claims Act accrued when retaliation occurred); *Wallace v. Kato,* 549 U.S. 384, 388, 391 (2007) (applying injury rule and holding that plaintiff's false arrest claim under 42 U.S.C. § 1983 accrued "as soon as the allegedly wrongful arrest occurred … [t]he cause of action accrues

2

even though the full extent of the injury is not then known or predictable." (internal marks and citations omitted)); *Gabelli v. SEC*, 133 S. Ct. 1216, 1220-21 & 1224 (2013) (striking down the Second Circuit's adoption of a discovery rule for accrual of claims for civil penalties under the Investment Advisers Act and observing that that the occasions when federal courts may invoke the discovery rule for federal statutory causes of action are "very limited in character, and are to be admitted with great caution" (internal marks and citation omitted omitted)); *see also TRW Inc. v. Andrews*, 534 U.S. 19, 37 (2001) (Scalia, J., concurring) ("[A] statute of limitations begins to run at the time the plaintiff 'has the right to apply to the court for relief.'" (citation omitted)); *cf. Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 610 (2013) ("As a general matter, a statute of limitations begins to run when the cause of action '"accrues"'—that is, when 'the plaintiff can file suit and obtain relief.'") (quoting *Bay Area Laundry* , 522 U.S. at 201); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) ("Generally, a cause of action accrues and the statute [of limitations] begins to run when a defendant commits an act that injures a plaintiff's business.").

Application of the injury rule is also substantially supported by the Congressional purpose in adding a statute of limitations to the Copyright Act, that is, to establish a concrete and uniform timeframe in which to bring copyright infringement claims. At that time, in 1957, the Act's limitations period was otherwise subject to state law and thus vulnerable to manipulation through forum shopping. *See Auscape Int'l v. Nat'l Geographic Soc'y*, 409 F. Supp. 2d 235, 245 (S.D.N.Y. 2004) ("[T]he goal of a uniform three year limitations period was to remove the uncertainty concerning timeliness that had plagued the copyright bar.") Congress acted to correct that outcome, with no indication that it intended to depart at all, let alone dramatically, from the Supreme Court's prior invocations of the injury rule as the default, uniform doctrine for

3

ascertaining the trigger for a limitations period controlling a federal statutory cause of action. Indeed, as the leading copyright treatises have concluded in supporting recognition of the injury rule, adopting an open-ended discovery rule would run directly counter to Congress's goal of increased certainty in copyright actions. *Id.* ("[G]iven that the goal was a fixed statute of limitations, it seems unlikely that Congress intended that accrual of an infringement claim—and hence the length of the interval between an infringement and the statutory time bar—would depend on something as indefinite as when the copyright owner learned of the infringement."); *see also* 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.05[B][2][b] (2014) (citing *Auscape, supra*, as "the best articulation to date of how to compute the Copyright Act's statute of limitations," and urging the federal courts of appeals to follow its lead); 6 William F. Patry, *Patry on Copyright* § 20:20 (2014) (describing the *Auscape* court's "extremely thorough and well reasoned review of the issues").

Consistent with the animating principles behind the Copyright Act's statute of limitations, the injury rule encourages the timely investigation of claims, and ensures that "the search for truth [is not] seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, [or] disappearance of documents." *See United States v. Kubrick*, 444 U.S. 111, 117 (1979). Of course, fundamentally, by enforcing a requirement to bring suit within a specified period of time, the injury rule protects potential defendants against the difficulties of defending against "stale claims," an issue that is directly on point in this proceeding where the plaintiff is seeking recovery on claims arising from transactions that date back nearly twenty-five years ago, to invoices issued in 1991. *See Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 349 (1944).

4

Panoramic's failure to address this extensive body of case law apparently stems from its view that this Court is bound by what Panoramic perceives to be the Seventh Circuit's endorsement of the discovery rule in the Circuit's 2004 decision in *Gaiman v. McFarlane*, 360 F.3d 644 (7th Cir. 2004). That decision, however, merely reiterated without any analysis the expression of the discovery rule found in the Seventh Circuit's earlier decision more than twenty years ago in *Taylor v. Meirick*, 712 F.2d 1112, 1117-18 (7th Cir. 1983). The *Taylor* decision, though, directly violates the precept laid down long ago by the Supreme Court, and recognized again just last year in the *Gabelli* decision, that the federal courts are not authorized to construe equitable principles delaying the accrual of a statutory cause of action unless Congress has made clear its intent for the courts to do so. *See Gabelli*, 133 S. Ct. at 1224 (citing *Amy v. City of Watertown*, 130 U.S. 320, 323-24 (1889) ( "[T]he cases in which [the statute of limitations may be suspended by causes not mentioned in the statute itself] are very limited in character, and are to be admitted with great caution; otherwise the court would make the law instead of administering it")); *see also Graham Cnty.*, 545 U.S. at 418-19 (holding that courts must construe statutes of limitation in the context of the "default rule" that a claim accrues upon the plaintiff's injury, not his discovery of it); *TRW*, 534 U.S. at 37-38 (Scalia, J., concurring) (observing that application of the discovery rule for claims where Congress had not expressly invoked the doctrine "is bad wine of recent vintage" and concluding that cries for the adoption of the discovery rule "are properly directed not to us, but to Congress, whose job it is to decide how 'humane' legislation should be—or (to put the point less tendentiously) to strike the balance between remediation of all injuries and a policy of repose.").

Indeed, the *Taylor* decision relies on precisely the body of cases involving latent, after-arising medical injuries that Justice Scalia explained is the one *sui generis* category where the

5

discovery rule has been recognized by the Supreme Court, but which is a category that should not be expanded outside its context without clear evidence of a congressional intent to do so. *See TRW*, 534 U.S. at 37 (Scalia, J., concurring).

The fundamental point here is that the Supreme Court's recent cases, capped most recently by *Petrella*, mean that the Seventh Circuit's application in *Gaiman* and *Taylor* of the discovery rule for determining accrual of the statutory cause of action for copyright infringement is not good law and has been superseded by those more recent Supreme Court decisions.

In this context, it is the injury rule, not the discovery rule, that controls Panoramic's copyright infringement claims in this case, and under that rule, as made clear in *Petrella*, Panoramic may not seek damages for any of its claims involving an unauthorized printing or distribution of an at-issue book that occurred prior to December 11, 2009. Any such time-barred infringements are simply not actionable under the Supreme Court's case law.

## II. McGRAW-HILL IS ENTITLED TO SUMMARY JUDGMENT ON ITS STATUTE OF LIMITATIONS DEFENSE, RESTRICTING THE DAMAGES AVAILABLE TO PANORAMIC

Even if the discovery rule is applied, McGraw-Hill is nevertheless entitled to partial summary judgment because the evidence is incontrovertible that Panoramic was aware of its potential claims against McGraw-Hill more than three years prior to suit. First, Panoramic has cited no probative evidence contradicting the clear evidence that it did have knowledge of its claims prior to December 11, 2009, and second, the uncontroverted evidence directly establishes that McGraw-Hill's infringement, if any, had already commenced prior to December 11, 2009, meaning that Panoramic's awareness of its potential claims prior to December 11, 2009 bars its recovery of damages as to those earlier claims.

A. Inquiry Notice Starts the Statute of Limitations Clock

As set forth in detail in McGraw-Hill's opening brief, *see* Defs.' Br. at 11-14, and in McGraw-Hill's opposition to Plaintiff's summary judgment motion, *see* Mem. in Opp. to Pl.'s Mot. for Partial Summ. J. (herein "Defs.' Opp.") (Dkt. No. 67), at 6, even if the injury rule is not applied in this case, Panoramic's copyright claims in this case are *still* limited to those infringements that occurred, if any, after December 11, 2009: "'[A] reasonable person in [Panoramic's] position would have discovered the infringement'" by November 2009. *Leventhal v. Schenberg*, 917 F. Supp. 2d 837, 845 (N.D. Ill. 2013) (citation omitted).

This Court should reject Panoramic's attempt to muddy the relationship between the discovery rule and the doctrine of inquiry notice. In doing so, Panoramic omits the relevant analysis in *Chicago Building Design, P.C. v. Mongolian House, Inc.*, 891 F. Supp. 2d 995, 999 (N.D. Ill. 2012), a copyright infringement case in which this court rejected exactly the argument Panoramic makes here. There, the plaintiffs argued that the statute of limitations on their copyright infringement claim began to run when they received the documents conclusively revealing the infringement, rather than when the plaintiffs attempted to verify the infringement. The court disagreed:

> Plaintiffs' arguments fail because ***actual knowledge of an infringement is not required to trigger the running of the statute of limitations***. Rather, the statute began to run when the Plaintiffs had knowledge that would have led reasonable people to investigate the possibility that their legal rights had been infringed. Plaintiffs clearly were on inquiry notice of a potential violation of their rights when their employee saw the blueprints, which happened no later than Dec. 31, 2008. In fact, as outlined above, Plaintiffs did proceed at that time to investigate the possibility that their copyright had been infringed. ***The fact that Plaintiffs could not at that time verify that infringement had occurred does not toll the running of the statute of limitations.***

*Id.* (citation omitted) (emphasis added). Under the *Chicago Building Design* inquiry notice analysis, the statute of limitations clock began running for Panoramic as soon as it was aware of

7

a potential claim to be investigated, which here is no later than November 2009.  *See* Defs.' Opp. at 4-5.  The inquiry notice doctrine in *Chicago Building Design* is entirely consistent with the discovery rule articulated in *Gaiman*, which starts running the clock "when the plaintiff learns, ***or should as a reasonable person have learned***, that the defendant was violating his rights." *Gaiman*, 360 F.3d at 653 (emphasis added).  It is also explicitly consistent with *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717 (7th Cir. 1993), despite Panoramic's claim otherwise.  *Id.* at 722 ("These plaintiffs waited patiently to sue….This tactic is discouraged by the doctrine of inquiry notice, which we hold is applicable").

       Illustrating its confusion, Panoramic finally suggests an interpretation that would toll the statute of limitations until the "underlying facts giving rise to each infringement" were completely known – which it admits would not be "until after discovery was completed."  Pl. Opp. at 8.  Panoramic thereby proposes a rule that tolls the statute of limitations indefinitely, lingering until plaintiff feels ready to engage in litigation.  This flies in the face of the very purpose of the Copyright Act's statute of limitations.  Panoramic has no support for this position. To the contrary, caselaw makes clear that this is not how the discovery rule works.  *See, e.g.*, *William A. Graham Co. v. Haughey*, 568 F.3d 425, 438 (3d Cir. 2009) (emphasizing that, when applying discovery rule to copyright claims, courts "ask whether [the plaintiff] should have known of the basis for its claims, which depends on whether it had sufficient information of possible wrongdoing to place it on inquiry notice or to excite storm warnings of culpable activity" (internal marks and citations omitted)); *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008) (applying discovery rule and explaining that, in a copyright infringement action, "a plaintiff can be charged with inquiry notice, sufficient to start the limitations clock, once he possesses information fairly suggesting some reason to investigate

8

whether he may have suffered an injury at the hands of a putative infringer"); *see also, e.g.*, *Luar Music Corp. v. Universal Music Grp., Inc.*, 847 F. Supp. 2d 299, 309 (D.P.R. 2012) (applying discovery rule to copyright infringement action, and holding that the clock begins to run when a plaintiff has inquiry notice of the alleged infringement); *Design Basics, LLC v. Chelsea Lumber Co.*, --- F. Supp. 2d ---, 2013 WL 5539609, at *6-7 (E.D. Mich. Oct. 8, 2013) (explaining, in copyright infringement action, that under the discovery rule, the limitations period begins to run "when the plaintiff is put on inquiry notice of the infringement of a right").

  B. <u>Panoramic Was on Inquiry Notice Prior to December 11, 2009</u>

  Here, the evidence in the record establishes that not only did Panoramic actually know, but also that it was on inquiry notice, of its claims against McGraw-Hill no later than November 2009. Panoramic does not dispute the content of the e-mails between Douglas Segal, Panoramic's principal, and his copyright attorney Christopher Seidman. Pl.'s Resp. to Defs.' SUMF (Dkt. No. 71-1) at ¶ 18. These e-mails indisputably demonstrate that, by November 12, 2009, Doug Segal had sought and communicated with counsel "the status of litigation by visual art licensors against textbook publishers for their systemic copyright infringements"; that Panoramic was "welcome as a client"; and, that Panoramic was aware that McGraw-Hill was a likely infringer. *Id*. Even if it is true that Doug Segal learned of his potential claims "much later than the general stock agency public," Pl. Opp. at 10, the facts are clear that Panoramic was on notice at to its potential claims, and hence its duty to investigate any infringement generally ***and by McGraw-Hill in particular***, by November 2009. The fact that no other information was needed or obtained by Panoramic prior to actually filing this suit more than three years later in December 2012 further corroborates that Panoramic was fully on notice as of November 2009 as to the untimely claims it is now seeking to prosecute. Panoramic knew no more in December

9

2012 than it knew in November 2009, and its decision to wait more than three years to file suit means that its untimely claims are barred.

Panoramic cites to the deposition testimony of Douglas Segal. *See* Pl. Opp. at 8-9. At Segal's deposition, when counsel inquired about Segal's communications with Seidman that led to the email exchange cited above, Segal repeatedly invoked the attorney-client privilege and refused to answer any questions concerning the substance of any communications with Seidman other than the email itself. *See* Beall Reply Decl. Ex. 1 at 193:11-194:12; 196:2-197:6. McGraw-Hill "vigorously disagrees" with Segal's assertion of privilege, *see id.* at 194:14-22, continues to believe the communications are not privileged,[1] and reserves the right to raise whether Panoramic has waived any privilege it once held in its pre-litigation communications with Harmon & Seidman at a later date, if its motion here is not granted. But this Court need not resolve that question now. Panoramic cannot use the privilege as both a sword and a shield as it is trying to do here. Panoramic cannot invoke the attorney-client privilege to defeat summary judgment when the purportedly privileged communications are exactly the ones that Panoramic contends did not put it on notice as to its potential claims. *See Claffey v. River Oaks Hyundai*, 486 F. Supp. 2d 776, 778, 779 (N.D. Ill. 2007) (declining to permit a party to rely on documents indicating that it consulted with counsel about facts central to the case while refusing to discuss the substance of those conversations because to do so would allow the party to "us[e] the privilege as both a shield and a sword, which is not permitted"); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 431 F. Supp. 2d 834, 839 (N.D. Ill. 2006) (noting that "attorney-client privilege

---

[1] The privilege has been waived because, *inter alia*, Panoramic has put the communications at issue. *See, e.g.*, *Kordek v. United Agri Prods., Inc.*, No. 06 C 2216, 2007 WL 1118435, at *6 (N.D. Ill. Apr. 16, 2007) (privilege waived concerning communications indicating when plaintiff learned of his injury or possessed sufficient information to be put on inquiry to determine whether a cause of action existed).

cannot be used as both a sword and a shield"); *Dorr-Oliver Inc. v. Fluid-Quip, Inc.*, 834 F. Supp. 1008, 1012 (N.D. Ill. 1993) (holding that a party "cannot have it both ways" by relying on its consultation with counsel while preventing its opponent from discovering the contents of those communications); *Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374, 376 (N.D. Ill. 1991) ("Privilege or no privilege, if [the defendant] intends to use [assertedly privileged] information at trial, [the plaintiff] is entitled to full disclosure to prepare its case.").

    C.  Though There is No Burden to Do So, McGraw-Hill Has Already Established the Dates of Commencement of the Alleged Infringement

Panoramic also argues that summary judgment may not be granted because McGraw-Hill has not identified the specific dates on which the alleged infringements occurred.[2] Pl. Opp. at 2-4. Panoramic is incorrect. In the copyright context, the statute of limitations is a limitation on damages; a plaintiff is barred "from recovering damages for any acts of infringement accruing prior to" three years before filing its complaint. *Leventhal*, 917 F. Supp. 2d at 846. As such, the statute of limitation operates to limit the affected claims. Thus, in its motion, McGraw-Hill seeks a ruling, as a matter of law, that because Panoramic learned, or should as a reasonable person have learned, that the defendants were violating its rights prior to December 11, 2009, Panoramic is therefore time-barred from recovering damages with regard to any unauthorized printings or distributions of Panoramic's photos that occurred prior to December 11, 2009. This ruling does not actually require any assessment of when any infringements by McGraw-Hill commenced. Instead, it requires only a determination that *if* an infringement occurred prior to

---

[2] Panoramic cites a recent decision in *Frerck v. John Wiley & Sons, Inc.*, No. 11-cv-02727 (N.D. Ill. July 14, 2014) in support of this argument. As explained in more detail in Defs.' Opp. at 3-4, there is no basis under the Copyright Act or case law for any such new rule on the application of the statute of limitation for copyright claims. In any case, this rule is not relevant here. Unlike in *Frerck*, the specific dates on which the at-issue titles exceeded the relevant invoice terms are all available in this litigation.

the December 11, 2009 date, then damages as to that infringement (*i.e.*, an unauthorized printing or distribution) are time-barred.

In any event, though not required to do so, McGraw-Hill has presented evidence of when the alleged infringements occurred. As an initial matter, McGraw-Hill has provided through discovery all of the evidence in its possession, custody, and control as to the entire course of printings and distribution for each of the at-issue books. Were this not already detailed enough, McGraw-Hill has also identified for the Court the year in which the at-issue title exceeded the distribution limit in the relevant invoice. *See* Declaration of Nabiha Syed ("Syed Decl.") (Dkt. No. 69). That evidence underscores the extent of Panoramic's delay in filing their claim: All but seven of the titles at issue here first exceeded the terms of their invoice ***more than a decade earlier***. Syed Decl. ¶¶ 2(a)-(n). The remaining seven titles relate to invoices whose distribution provisions were exceeded in 2006 and 2008. *Id.* ¶¶ 2(o)-(u).[3] By any measure, therefore, it is simply not true that there is no evidence in the record as to when the alleged infringement by McGraw-Hill occurred. Rather, the record in this case contains unrebutted evidence establishing that the claims Panoramic is now pursuing arose long prior to when Panoramic had at least inquiry notice, and indeed apparent actual knowledge, of its potential claims. *See, e.g.*, *Ortiz v. Guitian Bros. Music Inc.*, No. 07 Civ. 3897, 2008 WL 4449314, at *3 (S.D.N.Y. Sept. 29, 2008) (finding "[p]ublic distribution of the work at issue . . . creat[ed] sufficient notice to begin the running of the statute of limitations" and holding that limitations period began "when the DVD

---

[3] For many of these titles, as McGraw-Hill will demonstrate when the Court considers the proper measure of damages, and as is not relevant to the resolution of McGraw-Hill's motion as to its statute-of-limitations defense, the amount of such distribution after December 11, 2009, is extremely limited. Further, for the photograph pled in Row 6 of Exhibit A to the Complaint, all of the printings and the sales of the book were completed in 2008. *See* Syed Decl. ¶ 2(u). Accordingly, there were no printings or sales that occurred within the three-year limitations period however that period is measured, and all of the claims for unauthorized printing or sales of the books are time barred.

was officially released and publicly distributed"); *Sims v. Viacom, Inc.*, No. 2:11-cv-0675, 2012 WL 280609, at *5 (W.D. Pa. Jan. 31, 2012) (public airing of allegedly infringing show triggered the running of the limitations period).

## **CONCLUSION**

For the foregoing reasons, the Court should grant McGraw-Hill's motion for partial summary judgment.

Dated: August 7, 2014

By:   */s/ Christopher P. Beall*
      Christopher P. Beall
      Levine Sullivan Koch & Schulz, LLP
      321 West 44th Street, Suite 1000
      New York, New York 10036
      (T): (212) 850-6100
      (F): (212) 850-6299
      cbeall@lskslaw.com

      William McGrath
      Davis McGrath LLC
      125 South Wacker Drive
      Chicago, Illinois 60606
      (T): (312) 332-3033
      (F): (312) 332-6376
      wmcgrath@davismcgrath.com

      *Attorneys for Defendants McGraw-Hill Global Education Holdings LLC and McGraw-Hill School Education Holdings, LLC*

**CERTIFICATE OF SERVICE**

I, Christopher P. Beall, an attorney and counsel of record for Defendant McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC, certify that I caused the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** to be electronically filed with the Clerk of Court using the CM/ECF filing system, which will send automated notification of this filing to all counsel of record on this date.

Dated: August 7, 2014

By: */s/ Christopher P. Beall*