UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PANORAMIC STOCK IMAGES, LTD d/b/a PANORAMIC IMAGES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 12 C 9881 ) |
| McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC and Mc-GRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC | ) Judge Rebecca R. Pallmeyer ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Panoramic Stock Images, Ltd. has sued Defendant McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively, "McGraw-Hill") for copyright infringement concerning the use of Panoramic's photographs in various McGraw-Hill publications. In its November 25, 2014 order [85], the court resolved the parties' cross-motions for partial summary judgment concerning McGraw-Hill's liability and the availability of certain affirmative defenses. Specifically, the court denied McGraw-Hill's motion for summary judgment "on the issue of whether the Copyright Act's three-year statute of limitations bars Panoramic's claims"; denied Panoramic's motion for summary judgment as to liability for the claims listed in rows 6 and 48 of the complaint; and granted Panoramic's motion for summary judgment as to liability on the remaining claims. (Mem. Op. & Order [85], 17.) Panoramic now requests clarification of one aspect of that ruling. Specifically, in footnote five the order, the court stated:

> McGraw-Hill separately argues that all printings and distributions of the book *1995 Science Interactions Course 2* were completed by 2008. Thus, even if the discovery rule applies, Panoramic may not recover damages for infringements related to this title (listed in Row 6 of Exhibit A to the Complaint). (See Def.'s Resp. to Pl.'s Part. Mot. for Sum. Judg. at 6.) Panoramic does not dispute this fact (see Pl.'s Resp. to Def.'s Further Stat. of Add'l Facts [75-1], ¶ 1), but neither party has addressed whether the same is true for other allegedly infringing publications. The court declines to resolve the issue concerning this single book

>in McGraw-Hill's favor at this time, but will do so if there are no disputes concerning the timing of this infringement.

(*Id.* at 10.) Panoramic argues that this footnote is inconsistent with the court's conclusion that the discovery rule applies to Panoramic's copyright infringement claims. For the reasons explained below, the court agrees that this footnote is inconsistent and vacates it in its entirety. The court therefore will grant summary judgment to Panoramic on the issue of McGraw-Hill's liability for infringement on claim 6.

## DISCUSSION

While stylized as a "motion for clarification," the court construes Panoramic's motion as a motion for reconsideration under Federal Rule of Civil Procedure 54(b). That rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted). A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.2000) (internal quotation marks and citation omitted). The court will, however, grant a motion to reconsider when it "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (citation omitted).

The court concludes that the prior order should be revised for several reasons. First, Panoramic correctly states governing Seventh Circuit law when, in its brief, it explains that "[u]nder the discovery rule, a copyright owner is entitled to recover for infringements, *regardless of when they occurred*, so long as he or she did not have actual or constructed notice of the infringements more than three years before filing." (Mot. for Clarification [98], 3-4.) In the order, this court concluded that "a reasonable jury could find that Panoramic did not learn, and reasonably could not have learned, that McGraw-Hill infringed specific Panoramic copyrights until at least October 2012, when the employee from John Wiley & Sons contacted Mr. Segal." (Mem. Op. & Order at 7.) Based on such a finding, and based on the court's conclusion that the discovery rule applies, a reasonable jury could find that *none* of Panoramic's claims "accrued," for the purposes of the Copyright Act's three-year statute of limitations, until October 2012. *See* 17 U.S.C. § 507(b) ("No civil action shall be maintained under the [Act] unless it is commenced within three years after the claim *accrued*.") (emphasis added). Panoramic filed this lawsuit just two months later, in December 2012. The court agrees that Panoramic may pursue damages for all infringing activity that it first became aware of in October 2012, including infringements that ended in 2008 (e.g., *1995 Science Interactions Course 2* book).

This result is consistent with Seventh Circuit authority applying the discovery rule. *See, e.g.*, *Taylor v. Meirick*, 712 F.2d 1112, 1119 (7th Cir. 1983) ("[S]ince Taylor was unaware of the infringements until 1979, and (in part because of Meirick's efforts at concealment) could not have been expected to discover them earlier by the exercise of reasonable vigilance, either of the tolling principles [e.g., the discovery rule] discussed earlier would allow him to collect damages for acts of infringement more than three years in the past, at least if he acted promptly once he discovered them, and he did."). It is also consistent with the instruction Judge Feinerman of this court gave to his jury in a recent trial involving substantially similar claims of copyright infringement. In *Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*, No. 12-cv-

10003 (N.D. Ill. filed Dec. 17, 2012), Judge Feinerman instructed the jury with respect to a statute of limitations defense as follows:

> If you find that Panoramic has proved that it did not actually learn and could not reasonably have learned of Wiley's alleged infringement of that photograph before December 17, 2009, then there is no "cut-off" date for that photograph, which means that in evaluating Panoramic's claim as to that photograph, you must consider all alleged infringements regardless of when they occurred.

(Statute of Limitations Jury Instruction in *Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*, No. 12-cv-10003, Ex. 1 [98-1] to Pl.'s Mot. for Clarification.) This instruction correctly states the law and would apply to the present case as follows: if a jury finds that Panoramic did not learn of McGraw-Hill's infringing activity before October 2012, the jury "must consider all alleged infringements regardless of when they occurred."

Contrary to McGraw-Hill's arguments, *Chicago Building Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 618 (7th Cir. 2014), does not change the analysis. There, at least some infringing activity occurred within three years of the plaintiff's filing of the lawsuit, so the Court concluded that the statute of limitations did not bar the plaintiff's claims:

> More fundamentally, however, in light of *Petrella*, we now know that the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed. Here, the answer to that question is plainly "yes." The complaint alleges that Perres, Golden, and Wilson distributed the infringing blueprints to building inspectors during inspections in July 2009 and periodically thereafter, through January 2012. These acts fall within the three-year limitations period from the date of suit (February 13, 2012).

*Chicago Bldg. Design, P.C.*, 770 F.3d at 616. Significantly, as the prior order in this case pointed out (*see* Mem. Op. & Order at 6), the court in *Chicago Building Design* expressly declined to decide whether *Petrella v. Metro-Goldwyn-Mayer*, Inc., 134 S. Ct. 1962 (2014) had abrogated the Seventh Circuit's discovery rule:

> A final word on the statute-of-limitations: If on remand CBD continues to claim a right to recover for infringing acts that occurred in 2008, outside the three-year look-back period, the parties will need to address whether *Petrella* abrogates the discovery rule in copyright cases. We express no opinion on that question today. The parties have not briefed it, and it may not arise on remand.

*Chicago Bldg. Design, P.C.*, 770 F.3d at 618. The parties in this case have briefed the issue, but this court agrees with its colleagues (*see* cases cited at pages 6-7 of the court's earlier ruling) that the Supreme Court's reference to this doctrine in a footnote in *Petrella* did not in fact abrogate the rule. To the contrary, the Court expressly reserved the question of whether the discovery rule is still good law, which means that Seventh Circuit binding precedent applying that doctrine (*see Taylor*, 712 F.2d at 1118, and *Gaiman v. McFarlane*, 360 F.3d 644 ,653 (7th Cir. 2004)) applies to this case. To the extent footnote five suggested that claim six was time-barred, that conclusion was in error, i.e., one of "apprehension," *Bank of Waunakee*, 906 F.2d at 1191. The court hereby vacates footnote five from the opinion.

## **CONCLUSION**

For the reasons stated above, Panoramic's motion for clarification is granted. The court vacates footnote five in the prior opinion and grants summary judgment to Panoramic on the issue of McGraw-Hill's liability for infringement concerning claim 6.

ENTER:

Date: January 27, 2015

_____
REBECCA R. PALLMEYER
United States District Judge